Compiler

# IN THE SUPERIOR COURT OF GUAM

2013 JUN 12 PM 4: 43

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO.: CF0151-10 |
| ) | |
| Plaintiff – Appellee,) | |
| ) | **DECISION AND ORDER** |
| vs. ) | **RE. MOTION FOR NEW TRIAL** |
| ) | |
| RIKAT ROTEN, ) | |
| Defendant – Appellant.) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 18, 2013 on Defendant Rikat Roten's (referred to herein as "Defendant" or "Roten") Motion for New Trial ("Motion"). The People of Guam (the "People") were represented by Assistant Attorney General Matthew S. Heibel. Roten was represented by Attorney Joaquin C. Arriola, Jr. The Court, having considered the Motion, the arguments and the evidence presented during the hearing of this matter, issues the following Decision and Order DENYING Roten's Motion for New Trial.

## BACKGROUND

Roten was indicted for five counts of First Degree Criminal Sexual Conduct and three counts of Second Degree Criminal Sexual Conduct. *See* Indictment (March 5, 2010). Trial was held on June 11, 2010, during which time several witnesses testified, including Guam Police Department Officer, Reynold Alcantara ("Officer Alcantara"); the victim; Joseph Roten (identified as the nephew of Defendant Roten); and Investigator, Anthony Blas of the Attorney General's Office. At the conclusion of the trial, Roten was found guilty of all counts and

sentenced to thirty years in confinement. Judgment was entered on the docket on August 2, 2010.[1] Roten appealed the conviction and sentence on August 5, 2010.[2]

On appeal, Roten asserted that the trial court erred by admitting Officer Alcantra's testimony over his hearsay objections and by allowing the officer's testimony into evidence as improper opinion testimony. The Guam Supreme Court, however, issued a mandate on May 14, 2012, finding that, although the trial court did commit such errors, they were harmless errors and, therefore, affirmed the judgment of conviction.[3]

Post-appeal, Roten filed a Motion to Reduce Sentence pursuant to 8 G.C.A. § 120.46, stating that his sentence was "unduly severe" and that "based on his statement and allocution to this Court at hearing on this Motion [to Reduce Sentence], new or additional information on Defendant's remorse and acceptance of responsibility warrants a reduction in sentence. In addition, on information and belief, the alleged victim has recanted her testimony and does not wish for Defendant to remain incarcerated."[4] Following the hearing on January 23, 2013 on Roten's Motion to Reduce Sentence, this Court denied relief, finding that the Defendant failed to provide any justification sufficient to warrant a reduction of the sentence imposed.[5]

On January 28, 2013, Roten filed his Motion for New Trial pursuant to 8 G.C.A. Chapter 110 on the basis that the victim had signed an affidavit purportedly recanting her trial testimony. The affidavit, written entirely in the English language, declared as follows:

---

[1] Notice of Entry on the Docket (Aug. 2, 2010).
[2] Notice of Appeal (August 5, 2013). *See also* Judgment, Supreme Court of Guam Case No. CRA10-009 (April 20, 2012).
[3] *People of Guam v. Rikat Roten*, 2012 Guam 3 ¶50. Mandate was issued on May 14, 2012.
[4] Mot. to Reduce Sentence; Mem. of Points and Authorities In Support 3 (Sept. 11, 2012).
[5] Hearing, Motion to Reduce Sentence (Jan. 23, 2013).

I, [A.S.], Date of Birth: 03/18/1983, Social Security Number: xxx-xx-xxx, do hereby certify, swear or affirm and do declare that I am competent to give the following declaration based on my personal knowledge unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge:

1. That sometime in February 2010, I filed a criminal complaint against my stepfather, Roten Rikat, Date of Birth: 02/13/1965, claiming that he raped me.

2. I am hereby stating that I falsely made those claims against my stepfather and would like to hereby drop and/or dismiss those charges against him.

3. What is true is that my stepfather, Roten is a good and fair person and has always shown respect to my mother and me for that matter.[6]

The Affidavit was executed before a Notary Public in Guam on January 9, 2012 – nearly two years after the Indictment was filed against Roten and over a year *before* Roten filed his Motion for New Trial.

On February 18, 2013, the Court heard oral argument on the Motion, including testimony from the victim. The Court took the matter under advisement and now issues its Decision and Order.

## DISCUSSION

Section 110.30 of Title 8 of the Guam Code Annotated governs motions for new trial and provides, in relevant part:

**§ 110.30 Grounds for Granting New Trial, Time Limits.**

(a) The court on motion of a defendant may grant a new trial to him if required in the interests of justice.

. . .

(c) A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.

---

[6] *See* Affidavit, Exhibit A to <u>Motion for New Trial; Memorandum in Support</u> (Jan. 28, 2013) (referred to herein as "Affidavit").

(d) A motion for a new trial based on any ground other than the ground of newly discovered evidence shall be made within seven (7) days after verdict or finding of guilty or within such further time as the court may fix during the seven-day period.

Although a court has broad discretion to grant a new trial, courts should grant such motions "sparingly and with caution, doing so only in those really 'exceptional cases.'" *People v. Leslie,* 2011 Guam 23 ¶ 25 (citing *United States v. Cox,* 995 F.2d 1041, 1043 (11th Cir. 1993) (quoting *Martinez,* 763 F.2d at 1312-13)); *see also United States v. Pimentel,* 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Charles Alan Wright & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 553, at 487 (1969)); *United States v. Capati,* 980 F.Supp. 1114, 1132 (S.D. Cal. 1997). Moreover, the trial court may grant a new trial or submit the issues for determination by another jury only if it concludes that the evidence "preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *People v. Quinata,* 1999 Guam 6 at ¶ 16 (citing *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980)).

## I. Timeliness of Defendant's Motion for New Trial.

### A. Motion for a new trial based on newly discovered evidence must be made within two years of the Supreme Court's Mandate.

8 G.C.A. § 110.30(c) restricts the time in which a motion for new trial may be made on the basis of newly discovered evidence to within two years after "final judgment", but if the matter is on appeal, then the trial court may grant the motion "on remand of the case." A "final judgment" in a criminal case is rendered upon a conviction of guilty. *See People of Guam v. Mallo,* 2008 Guam 23 ¶18 (This court has jurisdiction over an appeal from a final judgment of a criminal case pursuant to 7 GCA §§ 3107(a) and 3108(a) (2005), 8 GCA §§ 130.10 and 130.15 (2005), and 48 U.S.C. § 1424-1(a)(2) (West 2008); *People of Guam v. Moses,* 2007 Guam 5 ¶ 6.

In this case, an issue exists as to whether the two-year period commences on the date the judgment of conviction was entered or when the mandate was issued. Defendant argues that his Motion for New Trial was timely filed because it was filed on January 28, 2013 – within two years from the Supreme Court's Mandate of May 14, 2012, affirming the judgment of conviction. To the contrary, the People contend that the Motion is untimely because it was not brought within two years from the date the judgment of conviction was entered.

Although the Guam Supreme Court has not passed specifically on this issue, the Ninth Circuit has ruled that, for the purpose of determining the timeliness of a motion for new trial on the basis of "newly discovered evidence," the two year limitation starts to run from the "date on which the appellate process 'is terminated.'" *United States v. Cook*, 705 F.2d 350, 350 (9th Cir. 1983).[7] Thus, the Defendant's Motion for New Trial on the basis of "newly discovered evidence" is timely as it was made within two years from the date the mandate was issued on May 14, 2012.[8]

**B. Motion for a new trial based on any other ground must be made within seven days after the verdict or finding of guilty.**

The Government also argues that the motion is untimely under Section 110.30(d) which provides that a motion for new trial founded upon any other ground than newly discovered evidence must be made "within seven (7) days after verdict or finding of guilty or within such further time as the court may fix during the seven-day period." As discussed above, since the

___

[7] 8 G.C.A. § 110.30 is substantially similar to the *former* Fed. R. Crim. P. 33. However, in 1998, Rule 33 was amended to require that motions for new trial based upon newly discovered evidence be made "only within three years *after a verdict or finding of guilty*." FED. R. CRIM P. 33 (emphasis added). Since Guam has not amended its Rules of Criminal Procedure, federal cases interpreting the former version of Rule 33 are instructive. *Compare Cook*, 705 F.2d 350 *with United States v. Woods*, 399 F.3d 1144 (9th Cir. 2005).

[8] During the hearing, counsel for Defendant argued that the Motion was timely because it was made "within the two year period of the newly discovered evidence." (R. 12:15:57, February 18, 2013). Although this is not the applicable standard, the Motion was made well within the two-year time limitation which expires on or about May 14, 2014.

Defendant's Motion was made based on newly discovered evidence (i.e. the Victim's written statement of recantation), the two-year limitation period under Section 110.30(c) applies instead of the seven-day period under section 110.30(d). Therefore, the Defendant's Motion is timely.

## II.    The Subsequent Recantation

In passing on the question of whether a new trial is warranted on the basis of a witness's recantation, the Court must evaluate the credibility of witnesses and may grant a new trial if it concludes that the evidence "'preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred.'" *People v. Leslie,* 2011 Guam 23 ¶15 (quoting *Quinata,* 1998 Guam 6 ¶ 16); *People v. Gebhart Moses,* 2007 Guam 5.

The instant case presents the unusual situation where the Guam Supreme Court has already determined that the jury in this case "had ample opportunity to evaluate the victim's credibility through direct and cross-examinations." *People v. Rikat Roten,* 2012 Guam 3 ¶ 48. The Supreme Court's determination, in addition to the reasons set forth below, support the denial of the Defendant's Motion.

The circumstances surrounding the recantation are suspicious. During the evidentiary hearing on the Motion for New Trial, the victim testified that she prepared the statements recanting her trial testimony as well as the initial complaint that the Defendant had raped her. The recantation was made in the form of an Affidavit. *See infra* pp. 2-3; (R. at 11:49:06, February 18, 2013). She also testified that she had first written the Affidavit in the Chuukese language, then had her brother-in-law translate it into the English language, after which she took it to a notary in Dededo who typed it up for her and notarized the document. (R. at 11:49:06 – 12:01:07, February 18, 2013). The original Chuukese language version of the Affidavit which the victim claimed was translated into English by her brother-in-law was not produced during the

hearing and the victim could not recall if she kept it or threw it away. (R. 11:57:42-11:58:03, February 13, 2013).

The written recantation was significantly different from her Victim Impact Statement in terms of the language used to express herself – Chuukese was used in the 2010 VIS and English was used in the 2012 Affidavit – and in the sophisticated composition of the statements made in the Affidavit compared to the VIS. Additionally, during the evidentiary hearing, as well as during the trial, the victim required a Chuukese language interpreter. In marked contrast, her recantation statement was entirely in near-perfect English with no indication that it was translated from Chuukese except for her testimony during the evidentiary hearing.

Further, over a year after she had prepared the notarized Affidavit, she then delivered it to Mr. Arriola, although she claims no one had instructed her to do so. (R. at 11:30:59 - 11:32:07, February 18, 2013). She testified that he was the first person whom she told that she lied in court. *Id.* The victim's Affidavit was executed on January 2, 2012, but the Defendant's motion was not filed until over a year later, on January 28, 2013. The Court finds it incredible that the victim decided for herself, almost two years after Roten's conviction, to write a recantation – first in Chuukese and then translated into English – and then, delay for a year afterwards before delivering it to the Defendant's attorney. There was no reason given to account for the delay between the time she executed the Affidavit and the day she delivered it to Mr. Arriola. When asked why she waited so long between the trial and the recantation, she stated simply, "I don't have time." (R. at 11:04:54-55, February 18, 2013).

However, it appears that the victim faced some form of pressure or undue influence from family members to recant her testimony. For instance, the victim resides with her mother, who continues to be in a relationship with the Defendant. Shortly after the trial, the victim noted in

her VIS that her mother had told her not to come to Guam from Saipan so that her stepfather, the Defendant, could be released. (R. 11:21:34-11:26:40, February 18, 2013). After the trial and conviction of the Defendant, the victim did not return to Guam until December, 2011. (R. 11:58:33-12:00:07, February 18, 2013). The above gives the Court reason to believe that the victim is subject to the influence and manipulation of immediate members of her family and would likely succumb to any pressure to recant her testimony, whether directly or indirectly made.[10] The court determined that the victim's recantation is also suspect because, regardless of whether she was told directly by any family member to recant – and there is no evidence that is the case – it appears to the Court that she is recanting in order to appease her family. In fact, she testified that if the Defendant were released, she believed her mother and siblings "would be happy because their father has returned." (R. 11:41:10-11:42:11, February 18, 2013).

Lastly, the Court puts no credence into the victim's explanation as to why she lied. When asked by the Government why she lied during the trial, the victim replied that it was because the Defendant "made me mad." (R. 11:32:21-45, February 18, 2013). Yet when asked how he made her mad, she replied, "I don't know." (R. 11:32:45, February 18, 2013). On re-direct examination by Mr. Arriola, she repeated that she didn't know what made her so mad at the Defendant that she lied about the rape during the trial. (R. 11:44:14, February 18, 2013). The victim's explanation is clearly insufficient and therefore supports the Court's denial of Defendant's Motion.

---

[10] *See U.S. v. George*, 960 F.2d 97, 98 (9th Cir. 1992) (victim's recantation of testimony several months after the trial when she had returned to live with her mother was found not credible where the victim was found to be subjected to the influence and manipulation of others).

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for New Trial is **DENIED**.

**SO ORDERED** this 12th day of June, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUN 1 2 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam